UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KERIN FERNANDO REYES RUIZ, A-098-933-634,<br>Petitioner,<br>v.<br>WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY,<br>Respondent. | No. 1:26-cv-03124-DAD-EFB<br><br>FINDINGS AND RECOMMENDATIONS (ECF No. 9) |

Petitioner is a noncitizen alien detained in an immigration detention facility who has brought a petition for writ of habeas corpus under 28 U.S.C. § 2241. ECF No. 1. This matter was referred to the undersigned pursuant to Local Rule 302(c)(17) and 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, the undersigned recommends the writ be granted.

**BACKGROUND**

**A. Factual Background**

In his first amended petition for writ of habeas corpus, petitioner alleges he is a native and citizen of Honduras who is presently detained at the Golden State Annex after arrest by Immigration and Customs Enforcement (ICE). ECF No. 9 at 3. He entered the United States several years ago, was ordered removed in 2005, and was physically removed back to Honduras in 2008. *Id.* At some point, he re-entered the United States and, on March 19, 2026, he was arrested by ICE. *Id.* at 4. The Department of Homeland Security (DHS) subsequently reinstated

petitioner's prior removal order, pursuant to 8 U.S.C. § 1231(a)(5). *Id*. After petitioner expressed a fear of removal to Honduras, he was placed in withholding-only proceedings. *Id*. Those proceedings remain pending. *Id*. Petitioner alleges that, since his arrest in March 2026, he has remained detained without a bond hearing. ECF No. 9 at 1-2, 4. He has no criminal history and no connection to any criminal street gangs. *Id*. at 4.

In his opposition to the petition, respondent does not contest petitioner's factual allegations. Respondent further represents that petitioner's removal order was reinstated on March 16, 2026, ECF No. 8 at 3, *see* ECF No. 11 at 1, and, after petitioner was arrested on March 19, 2026, withholding-only proceedings were commenced on April 15, 2026. ECF No. 11 at 2. An initial hearing was held on May 6, 2026, at which time petitioner requested an extension of time to obtain counsel. *Id*. at 2. At the next hearing, on May 20, 2026, petitioner again requested an extension, which was granted to June 23, 2026. *Id*. On June 23, 2026, an Immigration Judge denied petitioner withholding of removal. *Id*. Petitioner filed an appeal to the BIA on July 10, 2026, which remains pending. *Id*. Respondent represents that for the first ninety days of petitioner's detention—from March 19, 2026 to June 17, 2026—petitioner was mandatorily detained under 8 U.S.C. § 1231(a)(2) and that after June 17, 2026, petitioner has been detained under 8 U.S.C. § 1231(a)(6). ECF No. 8 at 3. Respondent does not dispute that petitioner has not been given a bond hearing during the pendency of his current detention. *See* ECF Nos. 8, 11.

In his reply brief in support of his first amended petition, petitioner does not dispute the factual representations of respondent's opposition. ECF No. 12. Petitioner additionally represents that his appeal to the BIA from the IJ's adverse withholding decision remains pending. *Id*. at 2; *see also* EIOR Case Information, https://acis.eoir.justice.gov/en/caseInformation (accessed August 31, 2026).[1]

////

[1] The court takes judicial notice of the EOIR's case information available on its website, pursuant to Federal Rule of Evidence 201. *See Reyn's Pasta Bella, LLC, v. Visa USA Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006); *MGIC Indem. Co. v. Weisman*, 803 F.2d 500, 505 (9th Cir. 1986); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980); *Interstate Nat. Gas Co. v. S. Cal. Gas Co.*, 209 F.2d 380, 385 (9th Cir. 1953).

**B. Procedural Background**

Petitioner initiated this action on April 24, 2026. ECF No. 1. On May 4, 2026, the undersigned granted petitioner's motion to appoint counsel, ECF Nos. 2, 6, and counsel was appointed on May 8, 2026. ECF No. 7. On May 11, 2026, respondent filed an opposition to the petition for writ of habeas corpus, ECF No. 8, and petitioner filed a first amended petition on May 20, 2026. ECF No. 9. Respondent filed an opposition to the first amended petition, on August 21, 2026, ECF No. 11, and, on August 26, 2026, petitioner filed a reply to respondent's opposition.

## LEGAL STANDARD

The federal court should grant a writ of habeas corpus under 28 U.S.C. § 2241 when the petitioner is in custody in violation of the Constitution or federal law. *See, e.g., Dominguez v. Kernan*, 906 F.3d 1127, 1134 (9th Cir. 2018). The petitioner bears the burden to prove the unlawfulness of his detention by a preponderance of evidence. *See, e.g.*, *Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011); *Sepulveda Ayala v. Bondi*, 794 F. Supp. 3d 901, 911 (W.D. Wash. 2025).

## DISCUSSION

Petitioner asserts a single claim for relief: that his continued detention without a bond hearing violates his rights to due process under the Fifth Amendment. ECF No. 9 at 5-7. As relief, he requests the court order his immediate release or, in the alternative, that respondents be ordered to provide him a bond hearing; declaratory relief; and attorneys fees and costs. *Id*. at 7. The undersigned finds petitioner has demonstrated his entitlement to habeas corpus relief, recommends the writ be granted, and recommends respondents be ordered to provide petitioner a bond hearing.

**1. Applicability of *Zadvydas v. Davis*, 533 U.S. 678 (2001)**

"Section 241(a) of the Immigration and Nationality Act (INA), codified at 8 U.S.C. § 1231(a), authorizes the detention of noncitizens who have been ordered removed from the United States." *Johnson v. Arteaga-Martinez*, 596 U.S. 573, 575 (2022). "In particular, § 1231(a)(6) provides that after a [mandatory] 90-day 'removal period,' a noncitizen 'may be detained' or may

be released under terms of supervision." *Id*. "After the removal period expires, the Government 'may' detain only four categories of people: (1) those who are 'inadmissible' on certain specified grounds; (2) those who are 'removable' on certain specified grounds; (3) those it determines 'to be a risk to the community'; and (4) those it determines to be 'unlikely to comply with the order of removal.'" *Id*. at 578-79 (quoting 8 U.SC. § 1231(a)(6)).

In *Zadvydas v. Davis*, 533 U.S. 678 (2001), the Supreme Court addressed a challenge to prolonged detention under § 1231(a)(6) by noncitizens who "had been ordered removed by the government and all administrative and judicial review was exhausted, but their removal could not be effectuated because their designated countries either refused to accept them or the United States lacked a repatriation treaty with the receiving country." *Prieto-Romero v. Clark*, 534 F.3d 1053, 1062 (9th Cir. 2008) (citing *Zadvydas*, 533 U.S. at 684-86). Recognizing that a statute that permitted indefinite civil detention would run afoul of the Due Process Clause of the Fifth Amendment, the Supreme Court "read an implicit limitation" into the statute "in light of the Constitution's demands," holding that § 1231(a)(6) does not authorize indefinite detention and "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States." *Zadvydas*, 533 U.S. at 689. Rather,

> [a]fter [a presumptively reasonable] 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

*Id.* at 701.

Here, the parties do not dispute that a final order of removal was reinstated on March 16, 2026, ECF No. 9 at 2-4, ECF No. 8 at 3, *see* ECF No. 11 at 1; that petitioner was arrested on March 19, 2026, ECF No. 9 at 3, ECF No. 11 at 2; and that, since the expiration of the removal period on June 17, 2026, petitioner has been detained pursuant to 8 U.S.C. § 1231(a)(6). ECF No. 9 at 1-2; ECF No. 11 at 2; ECF No. 8 at 3; ECF No. 12 at 3. The parties also do not dispute

that petitioner has not been given a bond hearing since his arrest. ECF No. 9 at 4; *see generally* ECF No. 11.

Because petitioner's detention pursuant to a final order of removal is governed by 8 U.S.C. § 1231(a), his claim that his detention has become excessively prolonged implicates the statutory construction of that section articulated in *Zadvydas*, 533 U.S. 678. The record indicates that petitioner has been detained continuously since March 19, 2026, reflecting, at present, that petitioner has been detained approximately five-and-a-half months pending removal pursuant to a final order of removal. Thus, at present, he has been detained for less than six months, i.e., he has been detained for a period deemed presumptively reasonable in *Zadvydas*, 533 U.S. at 701.

This presumption, however, can be overcome; a detainee need not wait until his detention reaches constitutional limits in order to challenge it. *See Clark*, 543 U.S. at 384 (2005) ("*Zadvydas* did not hold that the statute authorizes detention until it approaches constitutional limits; it held that, *since* interpreting the statute to authorize indefinite detention (one plausible reading) would approach constitutional limits, the statute should be read (in line with the other plausible reading) to authorize detention only for a period consistent with the purpose of effectuating removal."); *see also Singh v. Warden*, No. 1:26CV01242-DAD-JDP, 2026 WL 1413253, at *2 (E.D. Cal. May 20, 2026) ("Immigration detainees who have been in post-removal detention for more than 90 days but less than six months may challenge the lawfulness of their detention 'by establishing that there is no significant likelihood of removal in the reasonably foreseeable future.'"); *Duong v. Warden, California City Det. Facility*, No. 1:26-CV-02715 DC SCR, 2026 WL 1243444, at *3 (E.D. Cal. May 6, 2026) (collecting cases). Here, the entirety of the record demonstrates that there is good reason to believe that there is no significant likelihood of petitioner's removal in the reasonably foreseeable future. *See Zadvydas*, 533 U.S. at 701.

Principally, the record demonstrates no steps respondent has taken to effectuate petitioner's removal to Honduras or a third country. Respondent has not represented that he has obtained travel document for petitioner to be removed to Honduras, or otherwise taken any concrete steps to remove petitioner to Honduras, should petitioner's pending appeal to the BIA be denied. *See* ECF No. 11. Respondent also has not represented that DHS has identified any third

country to which petitioner may be removed, should his appeal to the BIA be granted, nor identified any steps taken to execute such removal. *Id*. These facts, alone, support a finding that there is "good reason to believe that there is no significant likelihood of [petitioner's] removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701. *See*, *e.g.*, *Shahvaladian v. Mullin, et al*, No. 5:25-CV-03001-SPG-AJR, 2026 WL 1700477, at *4 (C.D. Cal. June 8, 2026) (collecting cases and observing, "[m]any courts have found that removal was not reasonably foreseeable where the Government has been unable to obtain travel documents"); *Galo Chavez v. Acting Warden of The Adelanto Detention Center*, No. 5:26-CV-02315-SP, 2026 WL 1601896, at *4 (C.D. Cal. June 1, 2026) (holding petitioner met burden where travel documents had not been acquired during her ten months of detention); *Singh*, 2026 WL 1413253, at *2 (finding petitioner was likely to succeed on merits of claim that his removal was not reasonably foreseeable, where there was nothing in the record indicating respondent had identified a third country for petitioner's removal, had petitioner fill out any paperwork to be removed to that country, or had the petitioner talk to a member of a consulate from that country); *Yaya v. Baltazar*, No. 26-CV-00332-STV, 2026 WL 693128, at *4 (D. Colo. Mar. 12, 2026) (finding petitioner had shown that there was no significant likelihood of his removal where DHS had not even identified a country to which they sought to remove him, collecting cases holding same).

Furthermore, the absence of any showing in this regard does not seem to be the result of a lapse in respondent's evidentiary presentation to the court, but rather a reflection of respondent's position that DHS need not take any such steps unless and until petitioner identifies a third country to which he can be removed. ECF No. 11 at 1-2. The law, however, does not require the noncitizen to initiate his removal to a third country. *See, e.g.*, *Samadi v. Blanche*, No. C26-1115-KKE, 2026 WL 1172917, at *2 (W.D. Wash. Apr. 30, 2026). The fact that respondent has apparently taken no steps to remove petitioner to any country, either during the statutory "removal period" or in the almost three months since, because respondent has expected petitioner to take the laboring oar on those efforts himself further supports a finding that there is no reasonable likelihood that the Government will remove petitioner in the reasonably foreseeable future, let alone within the approximately two weeks remaining in the presumptively reasonable

period described in *Zadvydas*, 533 U.S. 678.

The fact that petitioner's withholding of removal proceedings remain pending in the BIA further supports a finding that his removal is not reasonably foreseeable. These proceedings, at present, typically take months or years to resolve. *See*, *e.g.*, *Varela v. Warden, Golden State Det. Facility*, No. 1:26-CV-1869-DJC-CKD P, 2026 WL 1158202, at *3 (E.D. Cal. Apr. 29, 2026), *report and recommendation adopted*, No. 1:26-CV-1869-DJC-CKD, 2026 WL 1257828 (E.D. Cal. May 7, 2026) (finding appeals to the BIA currently take months to resolve); *A.A.M.*, 2026 WL 1099063, at *7 (finding an appeal to the BIA from an unfavorable withholding of removal decision may take a year to resolve); *see also Rodriguez v. Warden, Golden State Annex Det. Facility*, No. 1:26-CV-00694-DAD-CKD, 2026 WL 770527, at *3 (E.D. Cal. Mar. 18, 2026) ("A pending application in which a petitioner has requested withholding of removal supports a finding that there is not a significant likelihood of removal in the reasonably foreseeable future."). For this additional reason, petitioner has shown that there is no significant likelihood of his removal in the reasonably foreseeable future. *See Zadvydas*, 533 U.S. at 701.

Respondent has not rebutted petitioner's showing. *See Zadvydas*, 533 U.S. at 701. Respondent has not argued that DHS has taken any steps to effectuate petitioner's removal whatsoever, nor that DHS took any steps to do during the 90-day statutory removal period or in the months since then. *See* ECF No. 11. As such, respondents have not met their burden to rebut petitioner's showing. *See, e.g.*, *Seretse-Khama v. Ashcroft*, 215 F. Supp. 2d 37, 50 (D.D.C. 2002) (holding Government had not rebutted petitioner's showing where Government had not secured travel documents for the petitioner); *M.A., v. Noem*, No. 1:26-CV-03432-MWJS, 2026 WL 1709179, at *2 (E.D. Cal. June 12, 2026) (finding Government had not met its rebuttal burden where it had submitted a travel document request seven months prior, which had received no answer and which the Government "continue[d] to follow up on" during that time); *Shahvaladian*, 2026 WL 1700477, at *4 (finding Government had not rebutted petitioner's showing where Government had not secured travel documents nor indicated any other efforts to remove petitioner); *Andemicael v. Noem*, No. 5:25-CV-02999-KK-MBK, 2026 WL 734522, at *8 (C.D. Cal. Feb. 12, 2026), *report and recommendation adopted*, No. 5:25-CV-02999-KK-MBK,

2026 WL 734588 (C.D. Cal. Feb. 20, 2026) (finding the Government failed to meet its rebuttal burden, where its request for travel documents was still pending).

**2. Violation of Petitioner's Right to Due Process**

Having demonstrated that his present detention is not authorized under the construction of 8 U.S.C. § 1231(a)(6) articulated in *Zadvydas*, petitioner further argues that his present detention violates his rights to due process under the Fifth Amendment. ECF No. 9 at 4-7. In *Garland v. Aleman Gonzalez*, 596 U.S. 543, 581 (2022), the Supreme Court held that, as a matter of statutory construction, 8 U.S.C. § 1231(a)(6) cannot be read to require the Government to provide bond hearings before immigration judges after six months of detention, with the Government bearing the burden of proving by clear and convincing evidence that a detained noncitizen poses a flight risk or a danger to the community. The Court, however, left open the possibility that, in an individual case, due process may require such a bond hearing. *See Arteaga-Martinez*, 596 U.S. at 583; *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1201 (9th Cir. 2022); *see also Espinoza v. Wofford*, No. 1:24-CV-01118-SAB-HC, 2025 WL 1556590, at *3-5 (E.D. Cal. June 2, 2025). Here, petitioner has shown that his present detention without a bond hearing violates his rights to procedural due process under the Fifth Amendment.

The Court of Appeals has applied the three-part test articulated in *Mathews v. Eldridge*, 424 U.S. 319 (1976), to claims that immigration detention violates the detainee's rights to procedural due process under the Fifth Amendment. *See Rodriguez Diaz*, 53 F.4th at 1206-07. Under *Mathews*, the court considers three factors: (1) the private interest affected; (2) the risk of an erroneous deprivation of that interest; and (3) the government's interest involved including any fiscal or administrative burden that additional procedures would include. *Mathews*, 424 U.S. at 335.

**A. Private Interest**

Petitioner has a substantial private interest in his personal liberty. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Zadvydas*, 533 U.S. at 690. Because the record indicates petitioner has not received any bond hearing since the commencement of his detention,

nor that his pre-detention liberty had been circumscribed in some way, this interest remains extremely significant. *See Rodriguez Diaz*, 53 F.4th at 1207 (holding that petitioner's liberty interest was diminished by having received one bond hearing during detention).

**B. Risk of Erroneous Deprivation**

Under the second *Mathews* factor, the court considers "the risk of an erroneous deprivation of [petitioner's] interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards." *Mathews*, 424 U.S. at 335. "Due process protects against immigration detention that is not reasonably related to the legitimate purpose of effectuating removal or protecting against danger and flight risk." *Padilla v. U.S. Immigr. & Customs Enf't*, 704 F. Supp. 3d 1163, 1172 (W.D. Wash. 2023) (citing *Zadvydas*, 533 U.S. at 690-91); *see also D. L.C. v. Wofford*, No. 1:25-CV-01996-DC-JDP (HC), 2026 WL 25511, at *5 (E.D. Cal. Jan. 5, 2026) ("Civil immigration detention is 'nonpunitive in purpose and effect' and is justified when a noncitizen presents as a danger to the community or risk of flight.") (citing *Zadvydas*, 533 U.S. at 690).

Here, the unrebutted allegations are that petitioner has received no bond hearing since the commencement of his detention in March 2026. Respondents do not argue that petitioner's detention is presently justified due to his being a danger to the community or a flight risk, and do not dispute that petitioner has no criminal history. ECF No. 11. Therefore, absent a bond hearing in which a neutral decisionmaker makes an individualized determination of whether petitioner is a danger to the community or flight risk, there is a great risk that petitioner's liberty is being erroneously deprived. *See Morales-Flores*, No. 1:25-CV-01640-TLN-EFB, 2025 WL 3552841, at *5; *R.D.T.M. v. Wofford*, No. 1:25-CV-01141-KES-SKO (HC), 2025 WL 2617255, at *4 (E.D. Cal. Sept. 9, 2025); *A.E. v. Andrews*, No. 1:25-CV-00107-KES-SKO, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025).

**C. Government Interest**

Under this factor, the Court weighs the government's interest, "including the function involved and the fiscal and administrative burdens that the additional or substitute requirement would entail." *Mathews*, 424 U.S. at 335. Court have recognized that, "[t]he government has an

obvious interest in 'protecting the public from dangerous criminal [noncitizens],'" *Rodriguez Diaz*, 53 F.4th at 1208 (9th Cir. 2022) (quoting *Demore v. Kim*, 538 U.S. 510, 515 (2003)), but that "the government has no legitimate interest in detaining individuals who have been determined not to be a danger to the community and whose appearance at future immigration proceedings can be reasonably ensured by a lesser bond or alternative conditions." *Hernandez*, 872 F.3d at 994. Here, respondent cites no Government interest in petitioner's ongoing detention. *See* ECF No. 11. As a general matter, the effort and cost required to provide petitioner with procedural safeguards are minimal. *See Selis Tinoco,* 1:25-cv-01762-DC-JDP, 2025 WL 3567862, at *6; *Labrador-Prato,* 1:25-cv-01598-DC-SCR, 2025 WL 3458802, at *5 ("Custody hearings in immigration court are routine and impose a 'minimal' cost on the government.").

Accordingly, the court finds that respondents' interest in detaining petitioner without an individualized bond determination, at a hearing before an Immigration Judge, is low and does not outweigh petitioner's substantial liberty interest or the risk of the erroneous deprivation of same. Petitioner has thereby shown by a preponderance of evidence that his present detention violates his rights under the Due Process Clause of the Fifth Amendment, entitling him to relief on the single claim of his petition. As a remedy, the court recommends the injunctive relief of a constitutionally compliant bond hearing. *See, e.g., Doe,* 697 F. Supp. 3d at 948 (ordering bond hearing within fourteen days); *Marjanjou v. Warden Of The Golden State Annex Detention Facility, et al.*, No. 1:25-CV-01580-DC-EFB (HC), 2026 WL 1785248, at *1 (E.D. Cal. June 22, 2026) (under similar circumstances, adopting recommendation for petitioner to be granted a bond hearing in lieu of immediate release). Respondents do not dispute that, at such a hearing, the Government should bear the burden to demonstrate that petitioner's detention is justified by clear and convincing evidence. *See* ECF No. 11; *see generally Singh*, 638 F.3d at 1203-04 (holding this requirement is appropriate where the petitioner had been subject to prolonged detention without a bond hearing in violation of his due process rights); *see also Rodriguez-Diaz*, 53 F.4th at 1210-11.

////

////

**CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1) Petitioner's first amended petition for writ of habeas corpus (ECF No. 9) be GRANTED, as follows:

   a. Respondents be ORDERED to provide Petitioner Kerin Fernando Reyes Ruiz (A-098-933-634), within fourteen (14) days, a bond hearing before an Immigration Judge that complies with all statutory, regulatory, and constitutional requirements and at which the Government shall bear the burden to establish by clear and convincing evidence that Petitioner presents a risk of flight or danger to the community in light of available alternatives to detention, so as to justify his ongoing detention; and

   b. If Respondents fail to provide Petitioner a bond hearing within fourteen (14) days, Petitioner shall be immediately released from Respondents' custody;

2) Petitioner's request for attorney's fees and costs be denied without prejudice to bringing a properly noticed and supported motion;

3) The Clerk of Court be directed to serve the District Court's order on the Golden State Annex; and

4) Judgment be entered in favor of petitioner and the Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within seven (7) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 2, 2026

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE